UNITED STATES COURT OF INTERNATIONAL TRADE

:

TYLT, INC.,                                                    :

              Plaintiff,                          :

              v.                                    :

                                                     :      Court No.   21-00579

UNITED STATES OF AMERICA

                                                     :

              Defendant.                        :

                                                     :

                                                     :

_____ :

## **COMPLAINT**

Plaintiff, TYLT, Inc., by and through its attorneys, alleges and states as follows:

1.     This action concerns the retroactive application of exclusions that the United

States Trade Representative granted for certain Chinese products subject to 301 trade tariffs.

## **JURISDICTION**

2.     This Court possesses subject matter jurisdiction over this action pursuant to 28

U.S.C. §1581(i)(1)(A), (B) and (D) which confers "exclusive jurisdiction" to the Court over "any

civil action commenced against the United States, its agencies, or its officers, that arises out of

any law of the United States providing for (A) revenue from imports or tonnage; (B) tariffs,

duties, fees or other taxes on the importation of merchandise for reasons other than the raising of

revenue...or (D) administration and enforcement with respect to the matters referred to in

paragraphs (A)-(C) of this paragraph...".

## PARTIES

3.     Plaintiff, Tylt Inc., is a privately owned Delaware corporation that maintains its primary place of business at 685 Cochran Street, Suite 200, in Simi Valley, California. Tylt Inc. is the importer of record of various products, including wireless chargers classified under HTSUS 8504.40.8500, which are subject to additional *ad valorem* duties as a result of the Section 301 action against China. Tylt, Inc. paid these additional duties.

4.     Defendant, United States of America, received the disputed duties and it is the statutory defendant under 28 U.S.C. §1581(i)(1) and 5 U.S.C. §702.

## RELEVANT LAW AND PROCEDURAL HISTORY

5.     Section 301 of the Trade Act authorizes the USTR to investigate a foreign country's trade practices. 19 U.S.C. § 2411(b). If the investigation reveals an "unreasonable or discriminatory" practice, USTR may take "appropriate" action, such as imposing tariffs on imports from the country that administered the unfair practice. *Id.* § 2411(b), (c)(1)(B).

6.     On August 18, 2017, the USTR formally initiated an investigation into whether acts, policies, and practices of the Government of China related to technology transfer, intellectual property, and innovation are actionable under Section 301(b) of the Trade Act.

7.     After imposing additional duties in June and August of 2018, on September 21, 2018, USTR published notice of a list of products subject to an additional duty under Section 301, commonly known as "List 3." The USTR determined that the List 3 duties would apply to all products on List 3 that enter the United States from China on or after September 24, 2018.

/ /

/ /

8.      On June 24, 2019, the USTR announced that it would accept exclusion requests between June 30, 2019 and September 30, 2019, for products on "List 3". (84 Fed. Reg. 29576, *et. seq.*).

9.      On November 13, 2019, the USTR announced exclusions for products that are exempt from the 301 trade tariffs, including "static converters designed for wireless (inductive) charging of telecommunication apparatus (described in statistical reporting number 8504.40.8500)".  84 Fed. Reg. 61674, 61676.  This exclusion applies to Tylt's wireless charging products that it imports under HTSUS 8504.40.8500.

10.     The language of the announcement says the exclusion applies as of September 24, 2018, the effective date of the $200 billion dollar action, through August 7, 2020.  The effect of this language is that the exclusion applies *ab initio*.

11.     The language in the exclusion announcement does not preclude application of the exclusion, or refund of the duties, for entries that are not protestable due to the expiration of the protest deadline.

12.     On August 11, 2020, the USTR extended the exclusion through December 31, 2020. 85 Fed.Reg. 48600, 48613.

13.     Neither the USTR nor U.S. Customs and Border Protection has provided an administrative mechanism for importers to apply for and receive refunds for entries that are not protestable due to the expiration of the protest deadline, even though the USTR has stated that the exclusion applies to imported merchandise retroactive to September 24, 2018.

/ /

/ /

## FACTS

14.     The imported goods for which Tylt seeks refunds are inductive chargers designed to charge a telecommunication device's battery without having to plug it in (*i.e.*, wireless chargers).  Tylt enters these chargers under HTSUS 8504.40.8500.

15.     In July 2020, Tylt became aware that its products were subject to and eligible for the exclusion from the 301 China tariffs, and it began filing protests for entries filed in March 2019 and later.  Defendant has granted these protests and approved refunds due Tylt.

16.     Tylt was not able to receive refunds for entries filed between September 24, 2018 and March 2019 because protests would have been untimely.

## STATEMENT OF CLAIMS

### COUNT ONE

17.     Paragraphs 1 through 16 are incorporated herein by reference as though set out in full.

18.     The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. §2201(a).

19.     The exclusions granted by the USTR for products that are exempt from the 301 trade tariffs apply *ab initio*.

20.     The language in the exclusion announcement does not preclude the refund of 301 tariffs for entries that are not protestable due to the expiration of the protest deadline.

/ /

/ /

21.     Plaintiff is entitled to a declaratory judgment which states that it is entitled to a refund of the 301 tariffs it paid with applicable interest for entries of merchandise that were subject to and eligible for the exclusion.

## COUNT TWO

22.     The Administrative Procedure Act (APA) authorizes the Court to compel agency action unlawfully withheld or unreasonably delayed and hold unlawful and set aside agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C.§706.

23.     Defendant is unlawfully withholding the refund of duties for entries that are not protestable due to the expiration of the protest deadline.

24.     This agency action is arbitrary because the USTR announcement of the exclusions specifically states that the exclusion applies to Plaintiff's wireless chargers as of September 24, 2018, and does not preclude the refund of 301 tariffs for entries that are not protestable due to the expiration of the protest deadline.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court

(1) declare that Defendant's action is arbitrary and it is unlawfully withholding the refund of duties for entries that are not protestable due to the expiration of the protest deadline;

/ /

(2)   declare that Plaintiff is entitled to refunds of the 301 tariffs that it paid for wireless chargers entered under HTSUS 8504.40.8500 that are subject to the exclusion granted by the USTR;

(3) order Defendant to refund, with interest, all duties paid by Plaintiff for wireless chargers entered under  HTSUS 8504.40.8500 between September 24, 2018 and March 3, 2019 that are subject to the exclusion granted by the USTR;

(4)   declare that Defendant needs to provide an administrative mechanism for importers to receive refunds if the protest deadline has passed;

(5) award Plaintiff its costs and reasonable attorney fees; and

(6) grant such other relief as may be just and proper.


 Dated: November 11, 2021                          Respectfully submitted,


                                        By:      /s/ Elon A. Pollack, Esq____
                                                 Elon A. Pollack, Esq.
                                                 Stein Shostak Shostak Pollack & O'Hara
                                                 Attorneys for Plaintiff
                                                 865 S. Figueroa Street, Suite 1388
                                                 Los Angeles, California 90017
                                                 Tel: (213) 630-8888
                                                 e-mail: elon@steinshostak.com